# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHERY ROSE, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>CONVERGINT TECHNOLOGIES LLC; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.: 25-cv-00851-H-SBC<br><br>**ORDER GRANTING JOINT MOTION TO SUBMIT PLAINTIFF'S CLAIMS TO ARBITRATION**<br><br>[Doc. Nos. 6, 16.] |

    On May 2, 2025, Defendant Convergint Technologies LLC ("Convergint") filed a motion to compel arbitration. (Doc. No. 6.) On May 22, 2025, Plaintiff Zachery Rose filed a response in opposition to Defendant's motion to compel. (Doc. No. 13.) On May 29, 2025, Defendant filed a reply. (Doc. No. 14.) On June 6, 2025, the parties filed a joint motion to submit all of Plaintiff's claims to binding arbitration and to stay the proceedings. (Doc. No. 16.)

    The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that . . . arbitration

proceed in the manner provided for in [the arbitration] agreement."[1]  9 U.S.C. § 4.  Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration.  KPMG LLP v. Cocchi, 565 U.S. 18, 21 (2011).  A party moving to compel arbitration must show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue."  Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015); see Patrick v. Running Warehouse, LLC, 93 F.4th 468, 476 (9th Cir. 2024) ("The FAA limits the court's role to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.").

In the joint motion, the parties stipulate that, on April 18, 2024, the parties entered into a valid, written arbitration agreement.  (Doc. No. 16 at 2; see generally Doc. No. 6-4, MacDougall Decl. Ex. B.)  The parties also stipulate that the agreement encompasses all of the claims asserted by Plaintiff in his complaint in this action.  (Doc. No. 16 at 2; compare Doc. No. 1-3, Compl. ¶¶ 18–127 with Doc. No. 6-4, MacDougall Decl. Ex. B § 7 (stating that it applies to "any claim, dispute, or controversy arising out of or relating to Employee's employment with the Company, or the separation of that employment").)  Because a valid and enforceable arbitration agreement exists between the parties that encompasses the claims at issue in this action, the Court must compel Plaintiff to submit all of his claims against Defendant to arbitration.  See KPMG, 565 U.S. at 21.

The parties also request that the Court stay the proceedings pending resolution of the arbitration.  (Doc. No. 16 at 2.)  "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."  Smith v. Spizzirri, 601 U.S. 472, 478 (2024).  In such situations, "the court does not have discretion to dismiss the suit on the basis that all the

---

[1]  The express language of the arbitration agreement at issue states that it "subject to" and "governed by[] the Federal Arbitration Act, 9 U.S.C. § 1 et seq."  (Doc. No. 6-4, MacDougall Decl. Ex. B § 4.)

claims are subject to arbitration." Id. at 475–76.  Accordingly, the Court will stay the action pending completion of the arbitration.

For the reasons above, the Court grants the parties' joint motion to submit Plaintiff's claims to binding arbitration.  The Court compels Plaintiff to submit his claims against Defendant to arbitration, and the parties are hereby ordered to proceed to arbitration in accordance with the terms of the arbitration agreement (Doc. No. 6-4, MacDougall Decl. Ex. B).  The Court continues all dates, if any, until the completion of arbitration but reserves the right to dismiss the action if the parties do not diligently pursue their claims before the arbitrator, or for any other reason justifying dismissal.  The Court orders the parties to file a joint status report regarding the arbitration within six (6) months from the date of this of this order, and to file a joint status report every six (6) months thereafter until the completion of arbitration.  The Court further orders the parties to file a joint status report within seven (7) days following the completion of arbitration.

**IT IS SO ORDERED.**

DATED: June 9, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT